IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raqib Abdul Al-Amin, | ) C/A No. 3:10-3237-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Joe Philip Smith, *individual and official capacity*; | ) **RECOMMENDATION** |
| Columbia Police Dept., *official capacity*, | ) |
| Defendants. | ) |

The plaintiff, Raqib Abdul Al-Amin, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Defendant Smith is a police officer with the City of Columbia Police Department, which has also been named as a defendant in this case. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff's pending Section 2254 habeas corpus action, Al-Amin v. Stevenson, Civil Action No. 0:10-2023-CMC-PJG, reveals that Plaintiff is serving a life sentence for a murder conviction entered in the Court of General Sessions for Richland County on February 18, 2000.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of an affidavit filed by Officer Smith in connection with the murder investigation that led to Plaintiff's arrest on August 26, 1997. Plaintiff alleges that Officer Smith provided false testimony when he transcribed information into an affidavit and notarized the affidavit. According to Plaintiff, Officer Smith violated S.C. Code Ann. § 26-1-95.[1] The affidavit was notarized on August 25, 1997, which was one day prior to Plaintiff's arrest on the murder charge. In his prayer for relief, Plaintiff seeks a declaratory judgment that the alleged actions violated his constitutional rights and that the affidavit is null and void. Plaintiff also seeks a court order for forfeiture of Officer Smith's commission.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319,

---

[1] S.C. Code Ann. § 26-1-95 (Westlaw 2010), which has not been amended since 1989, reads as follows:

**§ 26-1-95. False certification by notary.**

A notary public who, in his official capacity, falsely certifies to affirming, swearing, or acknowledging of a person or his signature to an instrument, affidavit, or writing is guilty of a misdemeanor and, upon conviction, must be fined not more than two hundred dollars or imprisoned not more than thirty days. A notary public convicted under the provisions of this section shall forfeit his commission and shall not be issued another commission. The court in which the notary public is convicted shall notify the Secretary of State within ten days after conviction.



324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Since the plaintiff is challenging criminal proceedings which ultimately resulted in his conviction for murder, this case is subject to summary dismissal because a right of action has not accrued. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages



> bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-87 (footnote omitted).

Plaintiff's pending Section 2254 habeas corpus action, Al-Amin v. Stevenson, Civil Action No. 0:10-2023-CMC-PJG, shows that his conviction has not been reversed, set aside, vacated, or otherwise called into question. This court may take judicial notice of Civil Action No. 0:10-2023-CMC-PJG. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Moreover, Officer Smith's alleged violation of S.C. Code Ann. § 26-1-95 is not actionable under 42 U.S.C. § 1983. Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989).

Finally, the City of Columbia Police Department cannot be held liable for actions of Officer Smith because the doctrine of *respondeat superior* is not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir. 1977). Moreover, Plaintiff has not alleged any police department or city policy was at issue during the relevant times in this case. See Los Angeles Cnty. v. Humphries, 131 S.Ct. 447 (2010); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Hence, liability may not be imposed upon the City of Columbia Police Department.

**RECOMMENDATION**

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 13, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).